# THE ATTORNEY GENERAL
## OF TEXAS


August 19, 1955

Hon. J. Byron Saunders　　　　　　Opinion No. S-168
Casualty Insurance Commissioner
Casualty Insurance Division　　　Re: Construction of Chapter
Board of Insurance Commissioners　　117, Acts of the 54th
Austin 1, Texas　　　　　　　　　　　Legislature, 1955, (Senate
　　　　　　　　　　　　　　　　　　Bill 15), as to whether
　　　　　　　　　　　　　　　　　　county mutual insurance
　　　　　　　　　　　　　　　　　　companies may write lia-
　　　　　　　　　　　　　　　　　　bility insurance on auto-
Dear Mr. Saunders:　　　　　　　　　mobiles.

You have asked for the opinion of this office as to whether county mutual insurance companies organized under Chapter 17 of the Texas Insurance Code can write Bodily Injury and Property Damage Liability Insurance on automobiles after the effective date of Senate Bill 15 passed by the 54th Legislature, 1955.

The purposes set out by Article 17.01 of the Texas Insurance Code,1951, are as follows:

"County Mutual Insurance Companies are companies organized for the purpose of insurance on the mutual or cooperative plan against loss or damage by fire, lightning, gas explosion, theft, windstorm and hail, and for all or either of such purposes.

"Unless they are restricted by their charters, they may write insurance against said hazards:

"(a)　On both rural and urban dwellings and attendant outhouses and yard buildings and all their contents for home and personal use -- including family vehicles, musical instruments and libraries;

"(b)　On barns and other farm, dairy, truck garden, hennery and ranch buildings and improvements of every description;

"(c)  On all vehicles, harness, imple-
ments, tools and machinery of every kind and
description used on and about farms, truck
gardens, dairies, henneries or ranches;

"(d)  On all fruits and products, other
than growing crops, and all fowls, domestic
animals and livestock of every description,
produced, raised, grown, kept or used on truck
gardens, henneries, farms, ranches and dairies;
and

"(e)  On church houses, county school
houses, country lodge rooms and country recre-
ation halls, other than road houses and public
dance halls and their contents."

The first paragraph above defines a county mutual
insurance company and sets out the type of physical damage
coverage allowed.  The paragraphs following numbered (a),
(b), (c), (d) and (e), designate those things on which this
type of insurance may be written by a county mutual insur-
ance company.  This Article is not amended by Senate Bill 15
of the 54th Legislature.

Section 1 of Article 17.25, Texas Insurance Code,
1951, should be next considered in determining an answer to
your question.  Section 1 of said Article has been amended
by S. B. 15 by an addition to the present section, and as
amended reads as follows:

"Section 1.  Regulation.  County Mutual
insurance companies operating under the provi-
sions of this Chapter shall be authorized to
write insurance against loss or damage from any
hazard provided therein or that any other fire
or windstorm insurance company operating in Texas
may write on property described in Article 17.01
of this Chapter.  County mutual insurance com-
panies qualifying to write casualty lines for
statewide operation may write all lines of auto-
mobile insurance, provided that no such company
shall assume a risk on any one hazard greater than
five (5%) per cent of its assets, unless such ex-
cess shall be promptly reinsured."  /The underlined
portion of Section 1 is that which has been added
by S. B. 15./

Companies organized under Chapter 17 must maintain at all times a free surplus invested in only those items required by Article 2.08 of S.B. 15, as follows:

Art. 17.11 Financial Requirements and Impairment of Surplus.

"(a) Not less than $25,000.00 if the company is organized to write insurance locally in the county of its domicile only; or

"(b) Not less than $50,000.00 if the company is organized to write insurance in the county of its domicile and any adjoining counties only; or

"(c) Not less than an amount equal to the aggregate of the minimum capital and minimum surplus required of a fire insurance company by Article 2.02 of this Code if such company is organized to write insurance in a county other than the county of its domicile and any adjoining counties within this State."

Under Article 17.22 of S.B. 15, county mutuals are subject to Article 5.12 of the Texas Insurance Code, 1951. This article provides for a tax on gross motor vehicle insurance premiums. Article 5.01, Texas Insurance Code, 1951, defines motor vehicle or automobile insurance under Chapter 5, as follows:

"  .  .  .

"Motor vheicle or automobile insurance as referred to in this sub-chapter shall be taken and constured to mean every form of insurance on any automobile or other vehicle hereinafter enumerated and its operating equipment or necessitated by reason of the liability imposed by law for damages arising out of the ownership, operation, maintenance, or use in this State of any automobile, motorcycle, motorbicycle, truck, truck-tractor, traction engine, or any other self-propelled vehicle, and including also every vehicle, trailer or semi-trailer pulled or towed by a motor vehicle, but excluding every motor vehicle running only upon fixed rails or tracks. Workmen's Compensation Insurance is excluded from the foregoing definition and from the terms of this subchapter. Acts 1951, 52nd Leg.,ch. 491."

Article 17.25 of Senate Bill 15 would provide that county mutuals are subject to Article 5.06 of the Texas Insurance Code, 1951, which provides for the policy forms to be prescribed by the Board of Insurance Commissioners in writing automobile insurance as defined in Chapter 5 of the 1951 Code.

The caption to S.B. 15 in regard to the amendment of Article 17.25 of the Texas Insurance Code, 1951, reads in part as follows:

". . . by amending Section I of Article 17.25 of the Code so as to provide that in addition to lines heretofore authorized, county mutual insurance companies by qualifying may write all lines of automobile insurance with limitations."

It is clear from a reading of the above quoted portions of the Texas Inaurance Code of 1951, as well as those portions of S.B. 15 of the 54th Legislature amending said Code, and it is the opinion of this office, that a county mutual insurance company meeting the requirements as set forth therein may write liability and property damage insurance coverage on automobiles in addition to the physical damage coverage set out in Article 17.01 of the Texas Insurance Code of 1951.

## SUMMARY

Under the provisions of Chapter 117, Acts of the 54th Legislature, 1955 (Senate Bill 15), county mutual insurance companies may write liability insurance on automobiles.

APPROVED:

J. Fred Jones
State Affairs Division

J. A. Amis, Jr.
Reviewer

Davis Grant
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By Robert O. Fagg
Assistant